“This case is before the court on the Trial Judge’s Memorandum Keport returning the case to the court pursuant to Rule 134(b). Plaintiffs are Air Safety Investigators employed by the Bureau of Safety of the Civil Aeronautics Board and the successor to its functions, the National Transportation Safety Board. These investigators are responsible *563 for the investigation of accidents and incidents in the operation of aircraft. Each investigator is under orders to travel to the investigation site foy the quickest means available.
“Plaintiffs’ claims for compensation involve two major categories of issues. First, whether plaintiffs are entitled to overtime compensation and holiday pay for travel undertaken in the cockpit of an aircraft on a jump seat in an ‘Access to Aircraft’ capacity ? Second, whether plaintiffs are entitled to overtime compensation and holiday pay for travel time' spent as passengers on commercial aircraft or aboard other modes of transportation to and from investigation sites? The parties submitted a Stipulation of Facts, stating that it contained all the relevant facts pertaining to liability issues, in order that this controversy could be adjudicated pursuant to Buie 134(b). However, from the briefs and oral argument, it is evident that certain factual issues were not stipulated and are still in dispute, so that the stipulation is therefore inadequate. These factual issues must be resolved through further stipulation or trial before the case can ultimately be determined by this court. Examples of unresolved factual issues in this case include the following.
“A factual dispute between the parties has arisen subsequent to the enactment of the stipulation, concerning the authenticity of the alleged Attachment B to Bureau of Safety Memorandum 65-41. Defendant contends that no plaintiff presented any timely proof to the agency that he had accumulated time for which he would be entitled to overtime compensation, during the period in issue, for travel in an Access to Aircraft capacity. Defendant also submits that plaintiffs have made no showing that the requisite reports concerning Access to Aircraft travel were filed. Plaintiffs explain that Attachment B establishes the proposition that defendant would not have even considered plaintiffs as eligible for overtime compensation for travel time spent in an Access to Aircraft capacity, thus excusing their failure to claim overtime. Defendant attacks the authenticity of Attachment B, primarily through the letter of Mr. Froman. In light of the importance of this matter to the controversy, the authenticity of Attachment B, a factual issue not covered by the stipulation, must be resolved, unless shown to be irrelevant.
*564 “Concerning the claims for travel as a passenger on commercial aircraft, the stipulation provides very little factual information as to how much work the investigators actually did, or needed to do, while traveling. For instance, Paragraph No. 14 of the stipulation states that an investigator, traveling alone, ‘in many instances * * * is engaged in planning the investigation’. However, this same paragraph also states that ‘part of the travel period may be spent resting.’ This gives the court insufficient facts as to the intensity and frequency of such work on which to base a determination that travel as a commercial air passenger towards a disaster site is to be regarded as a working or ‘on duty’ period.
“Information must be established to determine whether plaintiffs’ claims are properly joined together in one suit, or if these claims should be treated individually. Relevant factors include the percentage of real disasters investigated versus incidents of a minor nature, and the relative number of investigators operating out of Washington, as opposed to field offices closer to investigation sites, but dealing with less urgent matters.
“An additional area of ambiguity concerns whether the record and findings of fact in Griggs v. United States, Ct. Cl. No. 336-65 (1967) should apply to the instant case. In Griggs, the decision of Commissioner (now Judge) Maletz was accepted by the parties involved without a decision by this court. Presumably, the parties disposed of the case in this manner for the very purpose of avoiding a judgment that would have res judicata, collateral estoppel, or even stare decisis effect. It is unclear to what extent the parties to the instant case, in the stipulation, intend to undo this result. Through Paragraph No. 4 of the stipulation, plaintiffs reserved the right to seek a redetermination of the Griggs holding that the investigators are not entitled to overtime compensation for travel as passengers on commercial aircraft because they were not required to perform any work while traveling. However, Finding of Fact No. 34 in Griggs determined that, while that plaintiff was traveling on commercial aircraft, he was not required to perform any work, and traveled as would any passenger on a commercial flight. A clear expression of the parties’ intent as to the applicability *565 of Griggs would aid the court in a determination of the case at band. For example, are the facts found in Griggs intended to be stipulated into this case? Is the evidence before the Trial Judge? Is the recommended decision to be regarded as a holding of this court, except to the extent specified in Paragraph No. 4? The parties are reminded that stipulations of law do not bind the court.
“it is therefore ordered that the case be remanded to the Trial Division for further proceedings consistent with this Order.”